# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JUDITH MARCIA WILLIAMS,**

    **Plaintiff,**

**vs.**                                                            Case No.  4:22cv462-MW-MAF

**SUPER WALMART STORE,**
**DONALD TRUMP, et al.**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on December 22, 2022, by submitting a civil rights complaint, ECF No. 1, and two in forma pauperis motions, ECF Nos. 2 and 4.  Plaintiff was granted leave to proceed in forma pauperis status and her complaint was reviewed to determine if it was sufficient for service.  ECF No. 5.  Because it was not, Plaintiff was directed to file an amended complaint if there was a basis to do so.  *Id.*  She was also informed of several deficiencies which must be corrected.

Plaintiff responded by filing another in forma pauperis motion, ECF No. 6, and an amended complaint, ECF No. 7.  Plaintiff's successive in forma pauperis motion is denied as moot.

Plaintiff's amended complaint, ECF No. 7, has been reviewed. She has deleted two of the previously named Defendants - the "Super Walmart Store" and the maker of the Beautyrest Microfiber pillow. *See* ECF No. 1 at 1. Plaintiff now proceeds solely against "Donald Trumph," listed as the United States President. It is accepted that Plaintiff intended to name former President Donald Trump as the Defendant. ECF No. 7 at 3. She indicates that she sues him in his individual and official capacities, *id.*, and she contends she is bringing this suit both as a *Bivens* action and under 42 U.S.C. § 1983. *Id.* at 4.

The basis for this case is Plaintiff's contention that she "requested diplomatic immunity and was ignored." ECF No. 7 at 4. She contends that she and her former husband had requested unspecified assistance, but the former President "refuses to assist us in anyway." *Id.* at 5. Plaintiff states that she would "like to sue President Trump for not doing his job by" her and her former husband. *Id.* She asserts claims for discrimination and disrespect. *Id.* at 6.

Plaintiff's amended complaint continues to make unsupported assertions and is insufficient to present a plausible claim. Plaintiff has not shown that she has a constitutional right to diplomatic immunity or

unspecified assistance. She provides no references to a statute which was violated, nor has she alleged facts to show the named Defendant caused her harm. Neither the President or the former President can be sued for "not doing his job."

Moreover, Donald Trump cannot be sued under 42 U.S.C. § 1983 because he is not a "state actor." To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived [her] of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff must demonstrate "both (1) that the defendant deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)). Plaintiff has not met either requirement. This case should be dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's successive motion for in forma pauperis status, ECF No. 6, be

**DENIED as moot**, and Plaintiff's amended complaint, ECF No. 7, be

**DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on February 8, 2023.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**